UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAMZIDDIN S. TROWELL,

          Plaintiff,

-against-

WHITEFIELD, et al.,

          Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/30/2023

23-CV-9789 (DEH) (BCM)

**ORDER REGARDING GENERAL PRETRIAL MANAGEMENT**

**BARBARA MOSES, United States Magistrate Judge.**

The above-referenced action has been referred to Magistrate Judge Barbara Moses for general pretrial management, including scheduling, discovery, non-dispositive pretrial motions, and settlement, pursuant to 28 U.S.C. § 636(b)(1)(A). All pretrial motions and applications, including those related to scheduling and discovery (but excluding motions to dismiss or for judgment on the pleadings, for injunctive relief, for summary judgment, or for class certification under Fed. R. Civ. P. 23) must be made to Judge Moses and in compliance with this Court's Individual Practices in Civil Cases, available on the Court's website at https://nysd.uscourts.gov/hon-barbara-moses. Parties and counsel are cautioned:

1.     Once a discovery schedule has been issued, all discovery must be initiated in time to be concluded by the close of discovery set by the Court.

2.     Discovery applications, including letter-motions requesting discovery conferences, must be made promptly after the need for such an application arises and must comply with Local Civil Rule 37.2 and § 2(b) of Judge Moses's Individual Practices. It is the Court's practice to decide discovery disputes at the Rule 37.2 conference, based on the parties' letters, unless a party requests or the Court requires more formal briefing. Absent extraordinary circumstances, discovery applications made later than 30 days prior to the close of discovery may be denied as untimely.

3. For motions other than discovery motions, pre-motion conferences are not required, but may be requested where counsel believe that an informal conference with the Court may obviate the need for a motion or narrow the issues.

4. Requests to adjourn a court conference or other court proceeding (including a telephonic court conference) or to extend a deadline must be made in writing and in compliance with § 2(a) of Judge Moses's Individual Practices. Telephone requests for adjournments or extensions will not be entertained.

5. In accordance with § 1(d) of Judge Moses's Individual Practices, letters and letter-motions are limited to four pages, exclusive of attachments. Courtesy copies of letters and letter-motions filed via ECF are required only if the filing contains voluminous attachments. Courtesy copies should be delivered promptly, should bear the ECF header generated at the time of electronic filing, and should include tabs for the attachments.

6. If you are aware of any party or attorney who should receive notice in this action, other than those currently listed on the docket sheet, please notify Courtroom Deputy Tamika Kay at (212) 805-0228 immediately.

7. Plaintiff is hereby notified that *pro se* parties may file pleadings, letters, and other documents with the Court by using any of the following methods:

   a. **Drop off** the documents in the drop box located in the lobby of the U.S. Courthouse at 500 Pearl Street, New York, NY, 10007.

   b. **Mail** the documents to the Pro Se Intake Unit in Room 105 in the Thurgood Marshall Courthouse, 40 Foley Square, New York, NY 10007.

   c. **Email** the documents to Temporary_Pro_Se_Filing@nysd.uscourts.gov. Instructions for filing documents by email may be found on the Court's website

at nysd.uscourts.gov/forms/instructions-filing-documents-email.

      Plaintiff may wish to contact the New York Legal Assistance Group (NYLAG) Clinic for Pro Se Litigants in the Southern District of New York, which is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves in civil lawsuits in this court. The clinic is run by a private organization; it is not part of, or run by, the Court. It cannot accept filings on behalf of the Court, which must still be made by any pro se party through the Pro Se Intake Unit. To receive limited-scope assistance from the clinic, plaintiff may contact the Clinic by calling (212) 659-6190 or by writing to the address provided in the Clinic's flyer, a copy of which is attached to this Order. The Clinic is open on weekdays from 10 a.m. to 4 p.m., except on days when the Court is closed.

Dated: New York, New York
       November 30, 2023

SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**



Since 1990, NYLAG has provided free civil legal services to New Yorkers who cannot afford private attorneys.

# Free Legal Assistance for Self-Represented Incarcerated Civil Litigants in Federal District Court

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York is a free legal clinic staffed by attorneys, law students, and paralegals to assist those who are representing themselves or planning to represent themselves, including incarcerated litigants, in civil lawsuits in the Southern District of New York federal court, excluding habeas cases. The clinic is not part of or run by the court.

Even if a litigant has consulted with Clinic staff, unless they retain other counsel and that counsel enters a notice of appearance, they remain unrepresented; are responsible for doing whatever is necessary in connection with the case; and must still submit all court papers to the Pro Se Intake Unit, located in Room 105 of the Daniel Patrick Moynihan Courthouse, 40 Foley Square, New York, New York, or by following the court's instructions for filing via email as a pro se litigant.

## The Clinic Can:

- Assist with amending complaints and responding to motions to dismiss;
- Represent litigants for settlement purposes and, in limited circumstances, for depositions;
- Assist with written discovery;
- Recruit pro bono counsel for depositions and trial; and
- Assist with oppositions to summary judgment.

***Clinic staff cannot assist with habeas cases or criminal matters.***

NYLAG may also be unable to assist if it determines, in its professional legal judgement, that (i) you have refused to cooperate with the Clinic's counsel or follow the Clinic's advice; (ii) any assistance would be unreasonably difficult for NYLAG to carry out; or (iii) your case is or will become frivolous, unreasonable, groundless, or without merit.

## Contacting the Clinic:

To contact the clinic and request a copy of our retainer, please call (212) 659-6190 and leave a message or write to us at the following address:

>NYLAG Legal Clinic for Pro Se Litigants
>Thurgood Marshall Federal Courthouse
>Room LL22
>40 Foley Square
>New York, NY 10007

Please mail a signed retainer back to the clinic at the above address. Once the paperwork is received, clinic staff will contact you. It may take up to two weeks.

Disclaimer: The information contained herein is for informational purposes only and is not legal advice or a substitute for legal counsel, nor does it constitute advertising or a solicitation.



September 6, 2022

# INDIVIDUAL PRACTICES OF
# MAGISTRATE JUDGE BARBARA MOSES

**Chambers**
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 740
New York, NY 10007
Telephone: (212) 805-0228

**Courtroom**
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 20A
Courtroom Deputy: Tamika Kay

**Dedicated AT&T Teleconference Line**
888-557-8511
Access Code: 7746387

Civil cases come before magistrate judges in two ways: (i) for one or more specific purposes, pursuant to an order of reference by the assigned district judge, or (ii) for all purposes, on consent of the parties, pursuant to 28 U.S.C. § 636(c). When a district judge approves an all-purposes consent form signed by counsel, the magistrate judge assumes the role of the district judge. The right to a jury trial is preserved and any appeal is directly to the Court of Appeals.

It is the uniform practice of the magistrate judges in the Southern District of New York to schedule civil trials for firm dates, rather than using a trailing trial calendar or requiring counsel to be available for trial on short notice. Additionally, because magistrate judges rarely try criminal cases, such firm trial dates are unlikely to be changed to accommodate criminal trials. Should the parties wish to have Judge Moses preside over their case for all purposes, including trial, the necessary form is available at: http://nysd.uscourts.gov/judge/Moses.

Unless otherwise ordered by Judge Moses, the following practices are applicable to all civil matters conducted before her, whether by reference or on consent:

1. **Communications with Chambers**

    a. **Motions and Letters.** Except as otherwise provided below, communications with the Court (other than during conferences, hearings, or trials) should be by motion or letter, filed on ECF. Except for confidential settlement letters, discussed in §1(e) below, or as specifically directed by chambers in advance, the Court will not accept letters or motions from counseled parties by email, fax, telephone, or hard copy mailed or delivered directly to chambers.

    b. **Letter-Motions.** Letter-motions, as permitted by Local Civ. R. 7.1(d) and § 13.1 of the SDNY ECF Rules & Instructions, should be filed using the "letter-motion" option, listed under "motion." In particular, parties should file as letter-motions all requests for pre-motion conferences, adjournments, extensions, excess pages,

      oral argument, and settlement conferences. Requests for other types of non-dispositive relief listed in § 13.1 may also be made by letter-motion.

    c. **Informational Letters.** Letters that are informational in nature and do not request relief (for example, status updates requested by the Court) should be filed using the "letter" option, listed under "other documents."

    d. **Page Limits; Courtesy Copies; Service.** Absent advance permission from the Court, letters and letter-motions may not exceed four pages in length, exclusive of attachments, which should be kept to a minimum. Please do not try to cheat the page limit by splitting a request for relief into two separate four-page letters. If a letter or letter-motion includes more than one attachment or exhibit, a courtesy copy of the entire submission, marked as such, must be promptly delivered to chambers by mail, overnight courier, or hand delivery. The courtesy copy should bear the ECF header generated at the time of electronic filing and include tabs for the attachments. In *pro se* cases (unless all *pro se* parties have consented to electronic service), letters and letter-motions filed via ECF by represented parties must also be served on the *pro se* parties. Counsel must indicate the mode of service in the letter to the Court and must also file a proof of service via ECF.

    e. ***Ex Parte* Settlement Letters.** *Ex parte* letters required by the Court in advance of a settlement conference should be emailed to the chambers email address, which will be provided in the settlement conference scheduling order.

    f. **Notification of Settlement.** If the parties have settled while a motion is pending, or shortly before a scheduled conference or hearing, they must promptly so advise the Court, by letter, in order to avoid unnecessary expenditure of judicial resources.

    g. **Hand Delivery.** Permitted hand deliveries may be left with a Court Security Officer at the Worth Street entrance of the Daniel Patrick Moynihan Courthouse. If the matter requires the Court's immediate attention, ask the Court Security Officer to notify chambers that an urgent delivery has arrived.

    h. **Letters or Emails between Parties.** Copies of correspondence between the parties or their counsel should not be copied to chambers, or filed on ECF, except as exhibits to otherwise properly-filed documents.

    i. **Telephone Calls.** For scheduling and calendar matters, counsel may call chambers at 212-805-0228. Otherwise, telephone calls are permitted only for urgent matters requiring immediate attention or to obtain permission to submit a document other than via ECF.

2. **Motions**

    a. **Requests for Adjournments or Extensions.** Requests to adjourn a court conference or other court proceeding or to extend a deadline must be made by

letter-motion, after consultation with all affected parties, and must state: (1) the original date of the conference or proceeding; (2) the number of previous requests for adjournment or extension; (3) whether those requests were granted or denied; (4) the reason for the present request; (5) whether all affected parties consent; and (6) if not, the reasons given for refusing. If the requested adjournment or extension affects any other scheduled dates, a proposed Revised Scheduling Order must be attached.

Requests for extension of a deadline must be made in advance of the deadline to be extended. Absent unforeseeable emergencies, requests for adjournment of a court conference or other proceeding must be made at least four days in advance of the proceeding to be adjourned, and must include at least two proposed dates, on which all counsel are available, for the adjourned proceeding.

b.  **Discovery Motions.** No discovery dispute will be heard unless the moving party (including a non-party seeking relief from a subpoena) has first conferred in good faith and in "real time" (*e.g.*, in person or by telephone) with the adverse party or parties, in an attempt to resolve the dispute. An exchange of letters or email alone does not satisfy this requirement. Counsel must respond promptly and in good faith to a request from another party to meet and confer in accordance with this paragraph.

If the parties have met and conferred but cannot resolve their dispute, the moving party must request a discovery conference with the Court, by letter-motion, as required by Local Civ. R. 37.2. The letter-motion must succinctly set forth the basis of the dispute and the relief sought, certify that the required good faith conference took place, and state: (1) the date, time, and duration of the parties' conference; (2) the names of the counsel who participated; and (3) the position of any relevant adverse party as to each contested issue. None of these requirements may be satisfied by attaching copies of correspondence between counsel. In addition, the letter-motion must set forth verbatim each discovery request and response in contention in accordance with Local Civ. R. 37.1 and 5.1. This requirement may be satisfied by attaching the relevant request(s) and response(s) to the letter-motion. Please do not submit an entire set of discovery requests and responses if only a few are in dispute.

c.  **Summary Judgment Motions.** Strict compliance with Fed. R. Civ. P. 56(c) and Local Rule 56.1 is required. The moving party must provide all other parties with an electronic copy, in Microsoft Word format, of the moving party's Statement of Material Facts pursuant to Local Civil Rule 56.1. The opposing party must reproduce each paragraph of the moving party's Statement of Material Facts, with the opposing party's response directly beneath. As required by Local Civ. R. 56.1(d), each statement of undisputed material fact and response thereto shall be followed by a citation to the specific evidentiary material that supports the statement or response, *e.g.*, "Bennett Deposition Tr. 3:15-4:20," or "Salim Interrog. Resp. No. 18." General references to a "transcript," "interrogatory responses," or the like are inadequate. Similarly, the parties must append to their

3

motion papers the specific evidentiary material upon which they rely and no more. If a party wishes to submit a complete deposition transcript, that party must (i) highlight the portions cited in their Statement of Material Facts or response, and (ii) tab the relevant pages in the courtesy copies submitted pursuant to § 2(g) below.

    i.    **Exception**: A counseled party moving for summary judgment against a *pro se* party must attach the *pro se* party's complete deposition transcript.

d.    **Pre-Motion Conferences.** For motions other than discovery motions, pre-motion conferences are not required, but may be requested by letter-motion where counsel believe that an informal conference with the Court may obviate the need for the motion or reduce the issues in dispute.

e.    **Briefing Schedule on Letter-Motions.** Unless the Court has ordered otherwise or the parties have agreed to a different briefing schedule, any opposition to a letter-motion shall be filed within three court days of the moving letter, and any reply shall be filed within two court days of the opposition. If the parties have agreed to a different briefing schedule, they must so inform the Court, either in the moving letter or as soon as agreement is reached. If the letter-motion requests expedited relief, opposing counsel are advised to file any opposition as promptly as possible.

f.    **Briefing Schedule on Formal Motions.** Unless the Court has ordered otherwise or the parties have agreed to a different briefing schedule, opposition and reply papers with respect to formal motions will be due in accordance with Local Civ. R. 6.1. The parties are encouraged to agree on a reasonable briefing schedule before or promptly after the moving papers are filed. If the parties have agreed to such a schedule, they must so inform the Court, either in the moving party's notice of motion or by letter as soon as agreement is reached. Should the parties thereafter agree to modify their briefing schedule, they must promptly inform the Court of the new schedule by letter.

g.    **Courtesy Copies.** Courtesy copies of all formal motion papers, marked as such, must be delivered by hand, mail, or courier promptly after filing. Courtesy copies should bear the ECF header generated at the time of electronic filing and include protruding tabs for any exhibits. Bulky materials should be neatly bound or placed in 3-ring binders with appropriate dividers.

h.    **Memoranda of Law.** Unless advance permission has been granted, principal memoranda of law are limited to 25 pages, and reply memoranda are limited to 10 pages. Memoranda exceeding 10 pages must include a table of contents and a table of authorities, neither of which will count against the page limit. The Court expects parties to adhere strictly to the typeface, margin and spacing requirements of Local Civ. R. 11.1(b).

      i. **Oral Argument on Motions.** Parties may request oral argument at the time their motion papers are filed. The Court will determine whether to hear argument and will advise the parties of the argument date and time.

3. **Requests to File Materials under Seal.** Filing under seal requires permission of the Court, which may be sought via letter-motion.

    a. **File Electronically**. Letter-motions for approval of sealed or redacted filings *and* the document(s) as to which sealing is requested must be filed electronically on ECF in compliance with standing order No. 19-mc-00583, and § 6 of the SDNY ECF Rules & Instructions.

    b. **File the Letter-Motion in Public View**. The letter-motion must be filed in public view, must explain the particular reasons for seeking to file that information under seal, and should *not* include any of the confidential information sought to be filed under seal. Supporting papers must be separately filed electronically and may be filed under seal or redacted only to the extent necessary to safeguard information sought to be filed under seal.

    c. **File the Document as to which Sealing is Required under Seal**. The document(s) as to which sealing is requested must be contemporaneously filed under seal on ECF and electronically related to the letter-motion. The summary docket text, but not the sealed document, will be open to public inspection and therefore should not include confidential information sought to be filed under seal.

    d. **Redacted Documents**. If the letter-motion seeks approval to redact information from a document that is otherwise to be publicly filed, the filing party shall: (a) publicly file the document in the proposed redacted form, and (b) electronically file under seal a copy of the unredacted document, with the proposed redactions highlighted. Both documents must be electronically filed through the ECF system and related to the motion.

    e. **Lugosch Standard**. To be approved, any sealing or redaction of a court filing must be narrowly tailored to serve the purpose that requires the sealing or redaction and must be otherwise consistent with the presumption in favor of public access to judicial documents described in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). The parties are cautioned that the designation of documents as "confidential" for discovery purposes does not, without more, justify a sealing or redaction order. If a sealing or redaction request is based on another party's designation of documents or information as "confidential," or if any party opposes the sealing or redaction request, that other party shall respond to the requesting party's letter-motion via ECF on the schedule set forth above in § 2(e).

    f. **Meet and Confer**. The party seeking leave to file sealed or redacted materials should meet and confer with any opposing parties (or third parties seeking

       confidential treatment of the information) in advance to narrow the scope of the request. When a party seeks leave to file sealed or redacted materials on the ground that an opposing party or third party has requested it, that party shall notify the opposing party or third party that it must file, within three court days, a letter explaining the need to seal or redact the materials.

    **g.**   **No Leave Required to Comply with Fed. R. Civ. P. 5.2**. Notwithstanding the foregoing, no leave is required to redact all but the last four digits of an individual's social-security number or taxpayer-identification number, the day and month of an individual's birth, the name of an individual known to be a minor, or all but the last four digits of a financial-account number, consistent with Fed. R. Civ. P. 5.2.

**4.**   **Pretrial Procedures**

    **a.**   **Applicability.** The procedures set out below apply only to cases in which the parties have consented pursuant to 28 U.S.C. § 636(c) to have all proceedings before Judge Moses, including trial.

    **b.**   **Joint Pretrial Order.** Unless the Court has ordered otherwise, the parties shall submit to the Court for its approval a Joint Pretrial Order within 30 days after the date for the completion of discovery, or, if a summary judgment motion has been filed, within 30 days after the decision on the motion. The proposed Joint Pretrial Order shall be signed by all parties and include the following:

        i.    The full caption of the action.

        ii.   The names and addresses of trial counsel, together with their office and cellular telephone numbers, fax numbers, and email addresses.

        iii.  A brief statement by plaintiff as to the basis of subject matter jurisdiction, and a brief statement by each other party as to the presence or absence of subject matter jurisdiction, including citations to all statutes relied on and relevant facts as to citizenship and jurisdictional amount.

        iv.  A brief summary by each party of the claims and defenses that party has asserted which remain to be tried, including citations to all statutes relied on but without recital of evidentiary matter.

        v.   With respect to each claim remaining to be tried, a brief statement listing each element or category of damages sought with respect to that claim and a calculation of the amount of damages sought with respect to such element or category.

        vi.  A statement by each party as to whether the case is to be tried with or without a jury, and the estimated number of trial days needed.

        vii. All stipulations or agreed statements of fact or law.

    viii.    A list by each party of the witnesses whose testimony is to be offered in that party's case in chief, indicating whether each witness will testify in person, via affidavit (in bench trials), or by deposition, and briefly stating the topic(s) on which the witness will testify. Absent extraordinary circumstances a party may not call as a witness in its case in chief any person not listed in the Joint Pretrial Order.

    ix.    A designation by each party of deposition testimony to be offered in that party's case in chief, together with any cross-designations or objections by any other party. For each designation as to which there is an objection, the party objecting must briefly specify the nature of the objection (*e.g.*, "hearsay," "Rule 403"). Any cross-designation or objection not made will be deemed waived. Absent extraordinary circumstances a party may not offer in its case in chief any deposition testimony not listed in the Joint Pretrial Order.

    x.    A list by each party of exhibits to be offered in its case in chief. Each exhibit shall be pre-marked (plaintiff to use numbers, defendant to use letters). For each exhibit as to which there is an objection, the party objecting must briefly specify the nature of the objection (*e.g.*, "hearsay," "Rule 403"). Any objection not listed shall be deemed waived. Absent extraordinary circumstances, a party may not offer in its case in chief any exhibit not listed in the Joint Pretrial Order.

**c.**    **Filings Prior to Trial.**  Unless otherwise ordered by the Court, each party shall file, 15 days before the date of commencement of trial (or 30 days after the filing of the final pretrial order if no trial date has been fixed):

    i.    In jury cases: proposed *voir dire* questions, requests to charge, and a proposed verdict sheet.

    ii.    In nonjury cases: a statement of the elements of each claim or defense involving such party, together with a summary of the facts that will be relied upon to establish each element. If the parties believe it would be useful they may also file pretrial memoranda, limited to 25 pages.

    iii.    In all cases: motions addressing any evidentiary or other issues which should be resolved *in limine*.

**d.**    **Marking Exhibits for Trial.**  Three court days before the date set for the final pretrial conference, each party must provide each other party, and the Court, with a tabbed binder or binders containing copies of its trial exhibits and deposition designations.

**5.** **Conferences and Hearings.** Unless otherwise ordered by the Court, all conferences, hearings, and other proceedings in civil cases will be held in Room 20A of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10007.

    **a.** **Teleconferencing.** If the Court instead schedules a proceeding via teleconference, using its dedicated AT&T teleconference line, the parties must dial (888) 557-8511 and enter the access code 7746387 a few minutes before the time scheduled for the proceeding. For telephonic settlement conferences, the Court will provide an additional security code to counsel when the parties complete their pre-conference submissions.

    **b.** **Video Conferencing.** If the Court instead schedules a proceeding via videoconference, the Court will provide the videoconferencing link to counsel, via email, in advance of the conference, and will also provide an audio-only dial-in line, which may be used by the public and will be published on ECF. For video settlement conferences, no public dial-in information will be provided.

    **c.** **Junior Lawyers**. Normally, the Court applies the "one lawyer per party" rule for conferences, hearings, and arguments. However, the Court is willing to vary that rule in order to create opportunities for young lawyers to argue or otherwise participate in courtroom proceedings as to matters they have helped prepare, and firms are encouraged to provide such opportunities for the junior members of their teams. Lead counsel should advise the Court at the outset of a proceeding of any request to permit a second lawyer to handle a portion of that proceeding.

**6.** **Pro Se Parties**

    **a.**    All letters, motions, memoranda, and other communications to the Court from *pro se* parties that are not filed electronically (see § 6(b) below) must be submitted to the Pro Se Intake Unit, *not directly to chambers*.

    Non-incarcerated *pro se* parties who have an email address and wish to *receive* court orders and other case-related documents quickly, automatically, and electronically, may consent to electronic service by filing a Pro Se (Nonprisoner) Consent & Registration Form, available from the Pro Se Intake Unit or at: https://nysd.uscourts.gov/sites/default/files/pdf/proseconsentecfnotice-final.pdf Non-incarcerated *pro se* parties who have an email address and wish to *receive, serve, and file* case-related documents electronically may request permission to do so by filing a Motion for Permission for Electronic Case Filing, available from the Pro Se Intake Unit or at: https://nysd.uscourts.gov/forms/motion-permission-electronic-case-filing-pro-se-cases .

    **b.**    Until further notice, *pro se* litigants who do *not* have permission to file case-related documents electronically may:

        i.    mail or hand-deliver a paper document to the Pro Se Intake Unit, located in Room 105 in the Thurgood Marshall Courthouse, 40 Foley Square, New York, NY 10007;

        ii.    drop off a paper document in the drop box located in the lobby of the Daniel Patrick Moynihan Courthouse at 500 Pearl Street, New York, NY 10007; or

        iii.    submit a document, in pdf format, as an *attachment* to an email, addressed to Temporary_Pro_Se_Filing@nysd.uscourts.gov., that bears the docket number of your case and complies with the instructions available at: https://www.nysd.uscourts.gov/forms/instructions-filing-documents-email. Only properly formatted (and signed) pdf attachments will be filed. Messages included in the body of the email itself will not be read or filed.

    **c.**    A *pro se* party must provide the Court and opposing parties with his or her address, telephone number, and email address, and must promptly update the Court and opposing parties if that information changes, using the Notice of Change of Address form, available from the Pro Se Intake Unit or at: http://nysd.uscourts.gov/node/823 .

    **d.**    A free legal clinic called the NYLAG Legal Clinic for Pro Se Litigants assists *pro se* litigants with most kinds of federal civil cases. The clinic is located in the Thurgood Marshall United States Courthouse, 40 Foley Square, Room LL22, New York, NY 10007, but it is not part of or run by the Court. To make an appointment for a consultation, a *pro se* party may call (212) 659-6190 or complete the clinic's intake form, available at: https://www.nysd.uscourts.gov/attorney/legal-assistance