USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/19/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAMZIDDIN S. TROWELL,

        Plaintiff,

        -against-

SHANEL WHITEFIELD, CITY OF NEW
YORK,

        Defendants.

23-CV-9789 (DEH) (BCM)

**ORDER STRIKING AMENDED
COMPLAINT**

**BARBARA MOSES, United States Magistrate Judge.**

Plaintiff brought this action, pro se, on November 3, 2023, seeking damages for injuries sustained in an April 6, 2023 fire at Riker's Island. *See* Compl. (Dkt. 1) at 4. Plaintiff alleges that another inmate started a fire in a cell near plaintiff's cell, and that Officer Whitefield, although equipped with a fire extinguisher, "ran off" without making any effort to put out the fire, leaving plaintiff to suffer from severe smoke inhalation. *Id.* Defendants answered on March 20, 2024. (Dkt. 16.) Thus, the time within which plaintiff was permitted to amend his complaint as of right expired on April 10, 2024. *See* Fed. R. Civ. P. 15(a)(1)(B). Moreover, at the initial case management conference on May 15, 2024, the parties advised that they did not seek to amend their pleadings. Consequently, the Court's Initial Case Management Order, issued later that day, states that "amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties must be filed pursuant to Fed. R. Civ. P. 15(a) and must also satisfy the 'good cause' standard in Fed. R. Civ. P. 16(b)(4)." Initial Case Mgmt. Order (Dkt. 19) ¶ 1.

Now before the Court is plaintiff's proposed Amended Complaint, dated June 24 and entered on the docket as of June 28, 2024. The proposed pleading names a new defendant, Warden Miller, who allegedly "provoked another inmate to set [the] fire." Prop. Am. Compl. (Dkt. 22) at

2. No further detail or explanation is provided. Additionally, plaintiff proposes to add several new claims, against new defendants, arising out of what appear to be wholly unrelated incidents on unspecified dates: that Warden Miller "took everyone's shoes"; that Officer Ellis "refuse[d] to take [plaintiff] to court because [he] didn't have any shoes on" and "walked with a cane"; that Officer Clark and Captain Brown assaulted plaintiff "while at court"; and that Officer Fledar "intentionally misplaced [plaintiff's] settlement check." *Id.* at 1-2. Not only are these claims seemingly unrelated to plaintiff's current claim against Officer Whitefield; they form the basis of three prior actions filed in this Court (two of which have since been dismissed) by plaintiff Trowell.[1]

## The Proposed Amended Complaint is Unauthorized

Because plaintiff's Amended Complaint was filed in violation of Rule 15(a)(2) and the Initial Case Management Order, it will be stricken from the docket in this action.

---

[1] In *Trowell v. Fledar*, No. 23-CV-09507, plaintiff alleged that on September 28, 2023, Officer Fledar "lost my settlement check and never found it." *Fledar* Compl. (Dkt. 1) at 4. *Fledar* was dismissed on January 8, 2024, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a federal claim, *see Fledar* Order (Dkt. 6) at 3, and judgment was entered against plaintiff that same day. *See Fledar* Judgment (Dkt. 7). In *Trowell v. Ellis*, No. 23-CV-09832, plaintiff alleges that on October 18, 2023, Officer Ellis refused to put him on the bus to court, requiring him to take a later bus. *See Ellis* Compl. (Dkt. 1) at 4-5. In the same action, plaintiff names Officer Clark as a defendant, apparently in connection with plaintiff's allegation that, while at the courthouse, he was confined to an unsanitary cell with no running water for five hours. *Id.* A motion to dismiss the *Ellis* action pursuant to Rule 12(b)(6) is currently pending. *See Ellis* Mot. (Dkt. 14). Most recently, in *Trowell v. City of New York*, No. 24-CV-1771, plaintiff submitted an unsigned, hand-written statement alleging again that Officer Fledar lost his settlement check. *City* Compl. (Dkt. 1) at ECF pp. 1-3. In the same document, he alleged that, at some point prior to the fire, Warden Miller "confiscated everyone's footwear." *Id.* at ECF p. 4. He then alleged – as he does here – that Officer Whitefield failed to put out the fire, leaving inmates "locked in our cells to die of smoke inhalation." *Id.* at 5. On March 23, 2024, Chief Judge Swain noted that plaintiff's statement "largely reiterates allegations from the three actions he previously filed," including this one, but, in an abundance of caution, gave plaintiff an opportunity to file a signed pleading that included the necessary information to initiate a new action. *City* Order (Dkt. 6) at 1-3. When plaintiff failed to do so, the case was dismissed pursuant to Fed. R. Civ. P. 41(b), *see City* Order of Dismissal (Dkt. 7), and judgment was entered against plaintiff on June 3, 2024. *See City* Judgment (Dkt. 8).

**Plaintiff May Seek Leave to Amend**

Nothing in this Order prevents plaintiff from filing a motion requesting leave to amend his complaint pursuant to Rules 15(a)(2) and 16(b)(4). Plaintiff is advised, however, that unrelated claims that "neither arise out of the same occurrence nor are against the same defendant" are not properly joined in a single action. *See*, *e.g.*, *Farrow v. Jenkins*, 2022 WL 16950008, at *2 (S.D.N.Y. Nov. 14, 2022); *Thompson v. Renee*, 2022 WL 2986566, at *2 (S.D.N.Y. July 28, 2022) (denying leave to amend where plaintiff submitted "new allegations of wrongdoing which do not appear to be related to plaintiff's pending claims"); *Amusement Indus., Inc. v. Stern*, 2014 WL 4460393, at *13 (S.D.N.Y. Sept. 11, 2014) ("Courts regularly deny motions to amend where the moving party seeks to add claims involving collateral matters, based on different factual allegations and distinct legal theories, from the claims already at issue in a case.").

Plaintiff is further advised that principles of *res judicata*, specifically, the doctrine of claim preclusion, bars him from bringing a new claim, in this action, arising out of the same events alleged in *Fledar*. *See*, *e.g.*, *Peralta v City of New York*, 2024 WL 1704774, at *4-5 (S.D.N.Y. April 18, 2024) ("The proper procedure for seeking review of a dismissed action is to move for reconsideration in that case or pursue a properly filed appeal in the United States Court of Appeals for the Second Circuit, *see* Fed. R. App. P. 4, not to file a new action[.]"). Similarly, because a plaintiff has "no right to maintain two actions on the same subject in the same court, against the same defendant at the same time," *Curtis v. Citibank, N.A.*, 226 F.3d 133, 139 (2d Cir. 2000), plaintiff cannot expand this action to include the same claims that he has already asserted, and is presently litigating, in *Ellis*. *See*, *e.g.*, *Wang v. Ren*, 2023 WL 1977233, at *1 (2d Cir. Feb. 14, 2023) (summary order) (affirming dismissal of second lawsuit as duplicative of earlier-filed lawsuit arising out of the same events, even though plaintiff named a new defendant in the second

action); *Johnson v. Riverview Corr. Facility*, 2022 WL 17581485, at *2 & n.4 (N.D.N.Y. Sept. 13, 2022) (dismissing complaint as "identical to the complaint that plaintiff filed in an earlier action before this Court," and cautioning plaintiff that "duplicative filings are abusive" and could result in, among other things, the deduction of the filing fee from his prison account).

## Conclusion

For these reasons, the proposed Amended Complaint (Dkt. 22) is hereby STRICKEN from the docket of this action. If plaintiff wishes to amend his pleading in this action, he must make a motion for leave to do so, explaining why leave should be granted and attaching a complete, signed copy of his proposed amended pleading.

Dated: New York, New York
      July 19, 2024

SO ORDERED.

_____

**BARBARA MOSES**
**United States Magistrate Judge**

4